HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HANNIBAL ABDULLA-EL,

        Plaintiff,

      v.

SEATTLE UNIVERSITY

        Defendant.

CASE NO. C14-684RAJ

ORDER

This matter comes before the court on pro se plaintiff's motion for reconsideration.  Dkt. # 12.

On May 14, 2014, the court entered an order to show cause why this court should not dismiss the case for failing to allege a basis in subject matter jurisdiction because plaintiff "has not alleged facts giving rise to a plausible cause of action cognizable under federal law, nor does it appear that the parties are residents of different states and that the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1331 (original jurisdiction over claims arising under federal law); 28 U.S.C. § 1332 (federal jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States.")."  Dkt. # 6.  On June 27, 2014, the court dismissed the case for lack of subject matter jurisdiction.  Dkt. # 10.  The court concluded that since the parties are not residents of different states, the court lacked diversity jurisdiction.  *Id.* at 2.

ORDER – 1

The court also reviewed both of plaintiff's responses, and concluded that plaintiff had failed to plausibly allege claims under Title VI and VII of the Civil Rights Act of 1964. *Id.*

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. CR 7(h)(1).

Plaintiff has not met this standard. Nevertheless, since plaintiff is proceeding pro se, the court will address arguments and allegations raised by plaintiff in his motion.

On May 9, 2014, plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 alleging that somebody at Seattle University changed his transcripts. Dkt. # 4. On June 5, 2014, in response to the order to show cause, plaintiff argued that Seattle University violated Title VII of the Civil Rights Act of 1964 when defendant altered his transcripts. Dkt. # 7. On June 20, 2014, plaintiff argued that defendant also violated Title VI of the Civil Rights Act of 1964. Dkt. # 9. In his motion for reconsideration, plaintiff argues that defendant also violated the Family Educational Rights and Privacy Act of 1974 ("FERPA") when Seattle University altered his transcripts. Dkt. # 12. The only factual basis provided by plaintiff for all of these claims is that somebody at Seattle University altered his transcripts and that he was an employee at Bon Appetit at the time the transcripts were altered. Dkt. ## 4, 7, 9. In his motion for reconsideration, plaintiff also alleges that Seattle University is a private college that receives federal funding for students, who as a necessity need financial aid which allows them to pay for their courses of study. Dkt. # 12 at 4.

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction must neither be disregarded nor evaded. *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011). This court is obligated to determine *sua sponte* whether it

ORDER – 2

1   has subject matter jurisdiction.  *Id.*; *see* Fed. R. Civ. Proc. 12(h)(3) ("If the court

2   determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

3   action.").[1]

4       This court has original jurisdiction over claims arising under federal law (28

5   U.S.C. § 1331) and diversity jurisdiction over cases where the amount in controversy

6   exceeds $75,000 **and** the case is between citizens of different states (28 U.S.C. § 1332).

7   "To invoke a federal court's subject-matter jurisdiction, a plaintiff needs to provide only

8   a 'short and plain statement of the grounds for the court's jurisdiction.'"  *Leite v. Crane*

9   *Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing Fed. R. Civ. Proc. 8(a)(1)).  "The

10  plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading

11  standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 [. . .] (2007), and

12  *Ashcroft v. Iqbal*, 556 U.S. 662 [. . .] (2009)."  *Id.*

13      Under *Twombly* and *Iqbal*, the complaint's allegations must "plausibly suggest"

14  that the pleader is entitled to relief, which asks for more than a sheer possibility that

15  defendant acted unlawfully.  *See Twombly*, 550 U.S. at 555 (plaintiff's obligation to

16  provide the grounds of his entitlement to relief requires more than labels and conclusions,

17  and a formulaic recitation of the elements of a cause of action will not do); *Iqbal*, 556

18  U.S. at 678 (a claim has facial plausibility when the plaintiff pleads factual content that

19  allows the court to draw reasonable inferences that defendant is liable for misconduct

20  alleged).  Additionally, the court need not accept legal conclusions as true, and threadbare

21  recitals of the elements of a cause of action, supported by mere conclusory statements, do

22  not suffice.  *Iqbal*, 556 U.S. at 678.

23      Plaintiff has not alleged that he and Seattle University are citizens of different

24  states, nor can he as it appears that both he and Seattle University are located in

---

[1] Defendant has not been served with a copy of the complaint or summons, and thus has not appeared. Defendant's absence does not preclude the court from determining whether it has subject matter jurisdiction.

ORDER – 3

Washington State.  Thus, the court does not have diversity jurisdiction over his claims.

Plaintiff argues that the court has original jurisdiction because he alleges claims under Title VI, VII, and FERPA.

Under Title VI, only section 601, the first section of Title VI, provides a private right of action:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d; *see Alexander v. Sandoval*, 532 U.S. 275, 293 (2001) (holding that section 602 of Title VI does not create a private right of action).  Section 604, however, limits the use of Title VI as a means of redressing discriminatory employment practices:

> Nothing contained in this subchapter shall be construed to authorize action under this subchapter by any department or agency with respect to any employment practice of any employer, employment agency, or labor organization *except where a primary objective of the Federal financial assistance is to provide employment*.

42 U.S.C. § 2000d-3 (emphasis added).  The limitation expressly applies to actions by "department[s] or agenc[ies]," but the Ninth Circuit and other courts construe the limitation to apply to individuals as well.  *Temengil v. Trust Terr. of Pac. Islands*, 881 F.2d 647, 653 (9th Cir. 1989); *Reynolds v. Sch. Dist. No. 1*, 69 F.3d 1523, 1531 n.8 (10th Cir. 1995) (citing *Temengil* and similar cases).  Plaintiff has not alleged that a primary objective of the federal financial assistance was to provide employment. Thus, to the extent that plaintiff attempts to allege a claim for employment discrimination under Title VI, he cannot do so as a matter of law.

Nevertheless, section 601 provides a private right of action for intentional discrimination.  *Alexander*, 532 U.S. at 280-81. To plead a claim for Title VI, plaintiff must allege that (1) defendant engaged in racial or national origin discrimination, and (2)

ORDER – 4

defendant receives federal financial assistance.[2] *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled in part on other grounds in Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1133 (9th Cir. 2001) (en banc). Although plaintiff alleges that his transcripts from Seattle University were altered "as an act of discrimination due to [his] religion and race[,]" the court need not accept these threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Iqbal*, 556 U.S. at 678. Plaintiff has not provided any factual allegations that plausibly suggest any connection between the alteration of his transcripts and any purported racial or national origin discrimination.

With respect to Title VII, the court reiterates that plaintiff has failed to allege any facts that connect the alteration of his student transcript with his employment at Bon Appetit. Indeed, plaintiff has not even alleged whether his employment at Bon Appetit meant that he was employed by Seattle University.

Finally, with respect to FERPA, the Supreme Court has found "that FERPA creates no private right [of action] to enforce." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 n.8 (2002). Accordingly, students cannot sue their educational institutions for violation of FERPA under 42 U.S.C. § 1983. *Desyllas v. Bernstine*, 351 F.3d 934, 940 n.2 (9th Cir. 2003).

For all the foregoing reasons, the court DENIES plaintiff's motion for reconsideration. The Clerk is directed to terminate all pending motions. The court considers this case closed, and will disregard future filings.

---

[2] The court notes that plaintiff's allegation in his motion for reconsideration that "Seattle University is a private college that receives federal funding for students, who as a necessity need financial aid which allows them to pay for their courses of study"(Dkt. # 12 at 4) is an example of the type of factual allegation that plausibly suggests an entitlement to relief. *See Radcliff v. Landau*, 883 F.2d 1481, 1483 (1989) (student at a college or university who receives federal financial assistance subjects the entire school to Title VI coverage).

ORDER – 5

DATED this 4th day of August, 2014.

The Honorable Richard A. Jones
United States District Judge

ORDER – 6